Thank you, Your Honor. First of all, I just want to confirm if the court- Would you please introduce yourself for the record? I'm sorry, I apologize. Kara Hartzler for Petitioner Hector Rodriguez-Castellon. I first just want to confirm whether the court received the 28-G letter that I filed yesterday, because I do have some hard copies if the court would like that. This case presents the question of whether a conviction under California Penal Code 288C1 for lewd and lascivious acts with a 14 or 15-year-old poses a substantial risk that force will be used such that it categorically constitutes a crime of violence as defined by section 18, or I'm sorry, 18 U.S.C. 16B. The answer to this question is no for three reasons. First, this court held in Valencia that actual lack of consent is the touchstone for a crime of violence under 16B. And because 288C may be violated by consensual conduct, Valencia thus controls. Second, this court has also held in Delgado Hernandez and also yesterday in Sandoval Orellano that because the ordinary case of statutory rape can include actual consent, it does not entail a substantial risk of force. Finally, the mere inclusion of a 10-year age difference does not change this analysis or otherwise increase the risk that force will be used. And for these reasons, we would ask the court to grant Mr. Rodriguez-Castellon's petition for review. My first point is that the actual lack of consent is the touchstone in determining whether a sex offense may be a crime of violence under 16B. This is a question that was directly addressed by this court in Valencia. In that case, this court held that a conviction for a sexual act with a minor was not a crime of violence under 16B because the statute lacked an element of force. And the court relied on this actual lack of consent, finding that it was the touchstone of the 16B analysis. So in Pereira-Salmaran, seems to be, take a somewhat different approach saying that there could be actual non-consent in this case where there is, where the child is between 13 and 15 years. And so it could be a crime of violence. So isn't that still binding on us? I believe, Your Honor, that that case dealt with the sexual abuse of a minor, if I'm not mistaken, which is certainly, you know- It did, but it had language saying that there's a risk of force in that case because of the age of the child, using a substantial risk of force, using that same language that we're looking at here. Well, I would also point, Your Honor, to cases in the Pelayo-Garcia and Castro, which also dealt with 14 and 15-year-olds. But that was abuse, that was sexual abuse. Those were sexual abuse of a minor, that's right. And they didn't use the language risk of force in those cases. Your Honor, another case I would just point this court to is the Courts on Decision in Valencia, again, because I think that's the most directly on point here. And there's two points in Valencia where the court specifically suggests  that this would not be a crime of violence if committed against a 14 or 15-year-old. And specifically looking at Valencia, there's a statement that says, while the assumption that force would be used may be valid where the minor is a younger child, and then C.E.G. Reyes-Castro, it does not hold true where the victim is an older adolescent. And Reyes-Castro refers specifically to a 10th Circuit case where the minor was under 14 years old. And in Valencia, I thought it was someone who was 16 or 17, wasn't it? The court in that case basically said, we, because of the categorical approach, we're going to assume that this is a person who is one day shy of 18. And so there was some, I agree with Your Honor, that there was some suggestion that maybe this applies to 16 or 17-year-olds. But they cite a number of out-of-Circuit cases. That's correct. And here we're dealing with 14 and 15-year-olds, right? Correct. One other point. And may I suggest there's a 10-year gap, is there not? A disparity in ages between the defendant? That's correct, Your Honor. One more point I would make about Valencia, and then I'd like to address your 10-year question, Your Honor, is in Valencia, the court specifically criticized the 2nd Circuit decision in, I believe it's Cherry or Cherry. And that court, the 2nd Circuit in that decision specifically was dealing with a statute where there was a minor under the age of 16, so 14 or 15-year-olds. And the court criticized the 2nd Circuit's analysis, calling it mechanical in that case, and criticized the 2nd Circuit for equating a victim's legal incapacity to consent with an actual unwillingness. So I believe in Valencia, the court has already rejected that idea that a 14 or 15-year-old would be covered by a crime of violence. And then I would move to your point, Your Honor, about the 10-year age difference. And it's correct. There is no 10-year age difference in 288C. Or I'm sorry, there is none in the Valencia statute, and there isn't 288C. But Valencia also went on to specifically reject the idea that a 10-year age difference has anything to do with a crime of violence analysis. In fact, it says that there may be more risk that a 25-year-old would commit an act of physical force than a 42-year-old. A 25-year-old may be more capable of physical force. And so this court has already considered and rejected that idea that a larger age difference necessarily equates to the risk of violence being used. Well, go back to the victim again. Yes. If 17 is presumptive ability to consent, where's the line? 11, 12, 13, 14, where do we go? I think that's squarely the question that this case presents, Your Honor. I would suggest to the court that there is precedent saying that this court has drawn the line at 13 or under. And I would point to the decisions in Castro and Pelaya-Garcia. Those were sexual abuse of a minor. I mean, they were not looking at this risk of force issue. They absolutely were, Your Honor. You're correct. But I think that a lot of the analysis may be similar. And for instance, both of those cases say that for 14 or 15-year-olds, it would not necessarily involve physical or psychological abuse to have this occur against a 14 or 15-year-old. So I think that's a good line to draw because if you don't have something that has physical or psychological abuse, how can it necessarily involve force? So that would also make this court's decisions consistent in saying we're going to draw a bright line at 13 or under. Is there any case saying that the sexual abuse  I didn't see one. There is not, Your Honor. And so, in the absence of any direct case law for 14 and 15-year-olds, I'm analogizing and I would agree with Your Honor on that. Can I ask before you sit down, what relief are you seeking from us? Your Honor, we would ask that the court grant the petition for review. We would ask that the court go ahead to the modified categorical approach because there's case law suggesting that this court may do so. And we do acknowledge that in this case, there were specific grounds of removability that the BIA did not rule on. And we acknowledge that. So shouldn't it go back to the BIA? We agree with your argument. Shouldn't it just go back to the BIA? Well, Your Honor, this court has held that when all of the records, all of the documents are in the record of conviction. How do we know that all the records are in, that all the records of conviction, records of conviction are in this record? Well, Your Honor, the government has never stated to the contrary. They've never asked this court to remand, saying we have this or we have this that we'd like to present. Even if they did, we would contest, Your Honor, that they've had over three or four years to present those documents and they haven't done so. So it's better for this court to decide in the modified categorical approach. How would they have presented them, I guess, just procedurally? I mean, the BIA just decided on this basis to respond right after U.S. v. Castro came out. And so at that point, it was decided and then the next stage was the appeal. So they couldn't have introduced extra record documents at that point, could they? That's correct, Your Honor. However, if for some reason they found an extra document that established their case under the modified categorical approach, they could have done a motion to remand to this case with a copy of that document saying, well, the best that petitioner can hope for is modified categorical approach. Therefore, you should remand to the BIA to consider in light of this document we have that shows he's removable under the modified categorical. And if it's all right, I'll save the rest of my time for rebuttal. You may do so, Counsel. Thank you, Your Honor. We'll hear from the government. Good morning, Your Honors. May it please the Court. My name is Kosei Ugamori and I represent the United States Attorney General in this case. This petition for review should be dismissed because the Board properly determined that Mr. Rodriguez was convicted of a crime of violence. Here, the conviction at issue is Section 288C1 of the California Penal Code, which criminalizes lewd and lascivious acts on a 14 or 15-year-old child where the defendant is at least 10 years older. Well, let me ask you about one of my concerns about this statute. We said in U.S. v. Castro that this crime can be committed without any contact at all and said, in fact, that one of the elements is missing because there's no sexual act required. How can we say that where no contact at all is required, that in the ordinary case, it's going to raise a risk, a substantial risk of force? I'm having trouble with that. It is the nature of the act, Your Honors. The defendant must act to arouse the child's- For his own. I mean, he can do it under the internet, according to U.S. v. Castro. Right, Your Honor. And two responses, Your Honor. First, to the internet issue. The cases that petitioners cite, the 28 cases that involve the internet, actually do not involve any conviction under Section 288C1. She cites the one case in which there's an attempted violation of Section 288C1, but no direct violation. But aren't we bound by Castro and its conclusion that there wasn't, it didn't involve a sex act? It didn't necessarily involve any- Well, in Castro, it was looking to the federal definition under Section 2243 of what is a sexual act. And there, it requires some contact with particular body parts. Here, Loon and Lechewis acts by the California courts has been defined as contact, any type of contact, so long as the requisite intent is there. And the government's position is, given the substantial disparity between the age difference between the child and the adult perpetrator, and in addition, the fact that these encounters ordinarily occur in close encounters, that there need not be a touching- How do you say that it's ordinarily in close encounters? I mean, given our holy in Castro, I'm just concerned about how we could reach that, or how we could say that. We say, moreover, a lewd or lascivious act need not involve touching at all. A defendant can violate Section 288 by instructing a minor to disrobe. That's in our own decision, U.S. v. Castro, citing Mikkel. Right, Your Honor. And even in that situation, Your Honors, where the defendant is instructing the minor to disrobe, the encounter is close enough where the defendant, even though he's not touching the child victim, has the ready opportunity to use force at any time the child decides to object, before, during, or after the encounter. Does it necessarily include force? No, and it need not, Your Honor. But in the ordinary case, is what our language says. In the ordinary case, why would that involve force? In the ordinary case, it would involve force. And this- Why is that? This court has stated in United States v. Perez Salmon, as well as in 1995, in the United States v. Wood- But those all required contact. I mean, the statute issue required some sort of contact. Whereas, 288c1 doesn't seem to. So, this is- So, in Wood, the statute says, knowingly causes another person to have sexual contact with him or another. And defines sexual contact as touching. And Perez Salmon says, carnal knowledge, and talks about sexual intercourse. So, those seem to actually require some contact. Yes, Your Honor. But the analysis in those cases, and also the reasoning, was that a substantial disparity in mental and physical abilities made it inherent that the risk of use of physical force is present. And that is exactly what we have here. We have a- Is that true without contact, if the statute can be violated without any contact? The contact is one manifestation of the defendant's intent. And the intent, the criminal intent, is always there, Your Honor. The criminal intent to lewdly and lascivously touch a child is there. And so long as it occurs in the same room, where there's a ready opportunity for the defendant to use physical force, if the child, for instance, refuses to disrobe, or if an innocent third party, analogous to a burglary case, witnesses the account or attempts to intervene, there is the risk that physical force may be used by the defendant. The age of the child is as important as the 10-year disparity that the statute specifically requires. The statute requires that the child be 14 or 15 years of age, which is under the generic age of consent for sexual intercourse, as well the age at which the California- The generic age being, what, 16? Yes, Your Honor. But doesn't Valencia sort of eliminate that argument? Valencia says, well, we don't care about legal consent, it has to be actual or factual consent. And also, I think opposing counsel's right in saying that Valencia discarded the issue about the age disparity as not being significant. Are we bound by that? No, Your Honor, because this court stated that holding the victim of the age constant, a higher age difference does not make something more riskier, that physical force may be used. In that example, it was a 17-year-old, somebody just short of somebody who can qualify to join the military. Certainly, that person and somebody who's 52-year-old, for instance, there may not be a substantial physical disparity such that there is a power dynamic raising the risk that physical force may be used. But here, we're talking about 14 and 15-year-olds. And unlike in Valencia, here, the California legislature specifically stated that, recognized that 14 and 15-year-olds are vulnerable to predatory adults. And the California Supreme Court has also stated in People v. Martinez that every child described in Section 288 is, quote-unquote, uniquely susceptible. And for the reasons that this court has already heard, that such children are smaller, weaker, less experienced, susceptible to ceding to the adult authority figure's coercive powers. In addition, their relative naivety to the perpetrators. So opposing counsel points out that in Palaio-Garcia, we said that a sex act with a 15-year-old was not categorically abuse, as it might be with a younger person. So here, we've got 14 to 15-year-old. Palaio-Garcia said 15-year-old, it wasn't categorically abusive. Can we say, well, that abuse is somehow different than risk of force? Or what should we do about that case? Your Honor, two responses to that case, Your Honor. First of all, the risk that force will be used in the course of committing a crime is different from whether or not there is or is not abuse. There need not be harm, as the Supreme Court has stated, in order to show that there's a risk that physical force would be used to commit the crime. And second, in Palaio, there was not the 10-year age differential that we have in this case. In Palaio, it was, I believe, somebody 21 and over, and somebody who is under 16 years of age. Here, the age differential is 10, which means that not anybody could be convicted on this crime. Somebody who is old enough to have graduated from college, had been several years into a career, possibly, a master's degree, or even obtained a Juris Doctor. The California legislature, here, clearly describes a situation in which there is a substantial physical and mental disparity between the perpetrator and the 14 or 15-year-old child. Your Honor- Does that increase the risk of, substantial risk of use of force, that the age difference? I mean, in Valencia, we seem to discount that. Well, in Valencia- We seem to think that a 45-year-old was too weak to actually hurt anyone. Right, Your Honors. Valencia did make some statements about how the age differential could be used. But the court has, before Valencia, has more persuasively stated that wherever there is an age differential, that there is an inherent risk that physical force may be used. And this is in accord with the Second Circuit, the Fifth Circuit, Eighth Circuit, Tenth Circuit, and the Eleventh Circuit, Your Honors. They all state that there is the risk that the risk that physical force may be used is inherent or implicit whenever there is a large differential. And in fact, petitioners did not contest that had this same crime been committed on somebody under the age of 14, that this would be a crime of violence. Certainly, age should not be considered in a mechanical factor. The government is submitting just that, Your Honor. So, just let's take this one step further. Suppose we just don't agree with your position. What do we do with the petition? This court, if this court were to find error in the board's decision, it should be remanded without any restriction as to how the board should consider the case, whether under the modified analysis or under a different basis of removability, Your Honor. And if the court says- Is there one in the record here, a different basis for removability? Yes, Your Honor. Child abuse, as well as sexual abuse of a minor under the modified categorical analysis might- So, the IJ said there was child abuse under that standard. Is that right, or did- Yes, Your Honor. And then the BIA didn't address it? No, Your Honor. The BIA did not, citing Baghamad's, that the agency does not have to decide a decision that's not necessary to its disposition. I see that my time- Thank you, counsel. Your time has expired. Ms. Hartzler, you have some reserve time. Ms. Griffey, Your Honor. I'd like to address the issue that was raised by opposing counsel in terms of the idea of psychological coercion, or the idea that children are smaller or weaker, or therefore need this extra protection as counsel states has been stressed by the California legislature. And I just want to point out that we have a separate ground of sexual abuse of a minor for situations where that is the exact concern. But what we're dealing with here is the use of force, the substantial risk that force will be used. And the bottom line is that when you have a 14 or 15 year old, we're talking about someone who's in high school, we're talking about someone who's starting to date, and while we don't like the idea of a 14 or 15 year old dating someone who's 10 years older, while it may be disturbing to us, and while it is illegal under California law, the touchstone here is, was there a substantial use of force? And as the court noted yesterday in Sanchez-Oriano, what we look at then is we do a Duenas-Alvarez analysis. And we just- You still have the 10 year disparity issue that suggests an uneven physical relationship, right? You do, Your Honor, but the fact is that 14 and 15 year old girls voluntarily date people who are 10 years older. And that just, and because we can point to cases where that is the situation, and where any sort of sexual activity was entirely voluntary, we've met our burden under Duenas-Alvarez to show that this is not a 16B crime. Thank you. Okay. Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Paez, Ikuta